IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| REUBEN MORGAN, | ) |
| | ) |
|    Plaintiff, | ) |
| | ) |
| v. | )    CIVIL ACTION 11-0535-WS-B |
| | ) |
| BILL VANN COMPANY, INC., *et al.*, | ) |
| | ) |
|    Defendants. | ) |

## ORDER

This matter comes before the Court on Plaintiff's Motion for Leave to File Third Amended Complaint (doc. 159). The Motion, which was filed on July 11, 2012, purports to be brought pursuant to the liberal amendment provisions of Rule 15(a)(2), Fed.R.Civ.P. According to the Motion, the sole change that Morgan contemplates making in the Third Amended Complaint (as compared to previous iterations) is the inclusion of a new paragraph addressing limitations issues, and particularly plaintiff's argument and citations of authority that his claims are brought timely pursuant to CERCLA's provision establishing a federally required commencement date for the running of applicable limitations periods.

The Court has two concerns with the Motion, neither of which plaintiff has addressed. First, as a practical matter, including a paragraph of legal argument as to why plaintiff believes his claims are not time-barred appears entirely unnecessary for a pleading. *See, e.g., La Grasta v. First Union Securities, Inc.*, 358 F.3d 840, 845 (11th Cir. 2004) ("A statute of limitations bar is an affirmative defense, and plaintiffs are not required to negate an affirmative defense in their complaint.") (citation and internal marks omitted); *McMillian v. AMC Mortg. Services, Inc.*, 560 F. Supp.2d 1210, 1213 (S.D. Ala. 2008) ("the statute of limitations is an affirmative defense around which plaintiffs are not required to plead in their complaint"). Insofar as plaintiff's objective is to anticipate an affirmative defense, the amendment appears to be an empty, futile gesture because (a) the Federal Rules of Civil Procedure do not require it, and (b) plaintiff would have a full and fair opportunity to present the very legal argument advanced in his proposed pleading should there be motion practice concerning the timeliness of Morgan's claims.

Second, and more fundamentally, plaintiff's Motion for Leave to Amend suffers from a significant procedural flaw. The Rule 16(b) Scheduling Order (doc. 84) entered by Magistrate Judge Bivins on February 16, 2012 specifically provided that "[a]ny motion for leave to amend the pleadings or to join other parties must be filed by **April 13, 2012**." (Doc. 84, ¶ 5.) That deadline expired nearly three months before plaintiff filed his Motion for Leave to Amend, yet plaintiff's Motion makes no mention of it. By seeking to amend his Complaint after the expiration of that deadline, Morgan is effectively asking to amend the Scheduling Order. The rule is clear that such scheduling order deadlines "may be modified only for good cause and with the judge's consent." Rule 16(b)(4), Fed.R.Civ.P. The "good cause" standard "precludes modification unless the schedule cannot be met despite the diligence of the party seeking the extension." *Sosa v. Airprint Systems, Inc.*, 133 F.3d 1417, 1418 (11th Cir. 1998); *see also Romero v. Drummond Co.*, 552 F.3d 1303, 1319 (11th Cir. 2008) ("To establish good cause, the party seeking the extension must have been diligent.").[1] This rule is strictly enforced. *See Will-Burn Recording & Pub. Co. v. Universal Music Group Records*, 2009 WL 1118944, *2 n.5 (S.D. Ala. Apr. 27, 2009) ("this Court has strictly applied the Rule 16(b) 'good cause' standard to belated amendments to the pleadings.").[2]

---

[1] Although motions for amendment of pleadings are ordinarily governed by the liberal amendment policy embodied in Rule 15(a), Fed.R.Civ.P., the more stringent Rule 16(b) test applies where, as here, the request for amendment postdates the applicable scheduling order deadline. *See Millenium Partners, L.P. v. Colmar Storage, LLC*, 494 F.3d 1293, 1299 (11th Cir. 2007) ("If we considered only Rule 15(a) without regard to Rule 16(b), we would render scheduling orders meaningless and effectively would read Rule 16(b) and its good cause requirement out of the Federal Rules of Civil Procedure.") (citation omitted); *Smith v. School Bd. of Orange County*, 487 F.3d 1361, 1367 (11th Cir. 2007) ("despite Smith's argument on appeal that the district court should have granted his motion to amend his complaint in accordance with … Rule 15(a), Smith still had to comply with Rule 16(b)'s good cause requirement because he filed his motion to amend" after the scheduling order deadline).

[2] Rigid adherence to scheduling orders is important for the following reasons: "[A] scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril … Disregard of the order would undermine the court's ability to control its docket, disrupt the agreed-upon course of the litigation, and reward the indolent and the cavalier." *B.T. ex rel. Mary T. v. Department of Educ., State of Hawaii*, 637 F. Supp.2d 856, 867 (D. Haw. 2009) (citation and internal quotation marks omitted).

Plaintiff has come forward with no theory, evidence or argument that might satisfy the requisite showing under the Rule 16(b)(4) "good cause" standard. He has not shown diligence. To the contrary, by all appearances, the limitations theory that Morgan seeks to fold into the pleadings was available to him from the outset of this action, and there is no reason why he could not have sought this amendment in a timely fashion. He did not. These circumstances are fundamentally incompatible with the diligence contemplated by the Rule 16(b)(4) standard. *See, e.g., Wolk v. Kodak Imaging Network, Inc.*, --- F. Supp.2d ----, 2012 WL 11270, *8 (S.D.N.Y. Jan. 3, 2012) ("The good cause standard is not satisfied when the proposed amendment rests on information that the party knew, or should have known, in advance of the deadline.") (citation omitted); *Kendall v. Thaxton Road LLC*, 2011 WL 3903400, *5 (11th Cir. Sept. 7, 2011) (no good cause for untimely amendment where "the facts with which Kendall wished to amend his complaint were known to Kendall at the time he filed his initial complaint").

Nor is it sufficient for plaintiff to allege that no defendant will be prejudiced if this amendment were granted. Diligence, not lack of prejudice, is the touchstone of the Rule 16(b)(4) inquiry. *See Stonecrest Partners, LLC v. Bank of Hampton Roads*, 770 F. Supp.2d 778, 786 (E.D.N.C. 2011) (opining that court has "no cause" to address prejudice "where the initial Rule 16(b) requirement of diligence has not been met"); *Southern Track & Pump, Inc. v. Terex Corp.*, 722 F. Supp.2d 509, 521 (D. Del. 2010) ("the good cause standard under Rule 16(b) hinges on diligence of the movant, and not on prejudice to the non-moving party") (citation omitted); *Chao v. Westside Drywall, Inc.*, 709 F. Supp.2d 1037, 1074 (D. Or. 2010) ("lack of prejudice to the non-moving party does not constitute good cause" for an untimely amendment). As such, an allegation that defendants will not be prejudiced if amendment is permitted now cannot help plaintiff in the absence of a threshold showing of diligence, which has not been made.

For all of the foregoing reasons, the Court finds that plaintiff has not met his burden of satisfying the Rule 16(b)(4) "good cause" standard for amending the Scheduling Order. Accordingly, plaintiff's Motion for Leave to File Third Amended Complaint (doc. 159) is **denied**.

DONE and ORDERED this 13th day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE