IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| RONALD MELVIN MORGAN, ) | |
| as Personal Representative for the Estate ) | |
| of Rueben Morgan, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION 11-0535-WS-B |
| ) | |
| BILL VANN COMPANY, INC., *et al.*, ) | |
| ) | |
| Defendants. ) | |

**ORDER**

This matter comes before the Court on a set of four similarly worded Motions for Entry of Final Judgment Pursuant to Rule 54(b), with embedded Motions for Stay (docs. 426, 427, 428, 429) filed by plaintiff, Ronald Melvin Morgan.

**I.      Relevant Procedural History.**

Rueben Morgan brought this litigation against more than three dozen defendants, seeking to hold them liable in tort for allegedly exposing him to asbestos at various times between the early 1950s and the early 1990s. Morgan maintained that these exposures caused him to contract malignant mesothelioma, a disease that claimed his life during the pendency of this action.

On August 30, 2013, the undersigned entered a series of Orders (docs. 413 – 423) adjudicating the 11 motions for summary judgment filed by the 11 remaining defendants. The central issue raised in most of these motions was whether plaintiff had proffered sufficient evidence of causation / product identification / exposure to asbestos fibers manufactured or distributed by each particular defendant during the applicable limitations period. Pursuant to those orders, all of plaintiff's claims against 10 defendants were dismissed with prejudice; however, summary judgment was denied as to plaintiff's claims against defendant John Crane, Inc. At present, plaintiff's claims against that defendant are set for jury selection on November 5, 2013.

On September 25, 2013, plaintiff filed motions seeking Rule 54(b) certification for immediate appeal of the August 30 Orders granting summary judgment in favor of defendants Crane Co., General Electric Company, Warren Pumps, LLC, and CBS Corporation. In these motions, plaintiff identifies the issues on which he claims immediate appeal is warranted, with the bulk of the asserted grounds relating to plaintiff's belief that this Court misapplied Rule 56 principles by ignoring record facts, construing record facts in the light most favorable to the movant, drawing inferences in favor of the movant rather than the nonmovant, and so on.[1] In conjunction with that Rule 54(b) certification, plaintiff is requesting an indefinite stay of all further pretrial and trial deadlines as to his claims against John Crane, Inc., until such time as those appeals are decided.

Plaintiff and John Crane, Inc. are confronting a number of imminent pretrial deadlines, including an October 1, 2013 deadline for Rule 26(a)(3) disclosures and challenges to expert witnesses. (*See* doc. 408.) For that reason, and because plaintiff is effectively requesting to be excused from engaging in any of these pretrial activities until such time as his appeals of the Crane Co., General Electric, Warren Pumps, and CBS summary judgment orders are concluded, the Court has taken these Motions for Rule 54(b) certification and stay under submission on an expedited basis.

## II.     Application of Rule 54(b) Standard.

"Ordinarily, … an order adjudicating fewer than all the claims in a suit, or adjudicating the rights and liabilities of fewer than all the parties, is not a final judgment from which an appeal may be taken." *Edwards v. Prime, Inc.*, 602 F.3d 1276, 1288 (11th Cir. 2010) (citations

---

[1] These assignments of error appear problematic. For example, the August 30 Orders expressly considered in detail the very evidence that plaintiff now says they ignored, and much of what plaintiff terms failure to examine facts in the light most favorable to plaintiff was actually a refusal to indulge in speculation about facts not contained in the record or to draw unreasonable inferences from facts contained in the record. Of course, a failure of proof cannot be overcome on summary judgment via guesswork or conjecture. Nor does the Court agree with plaintiff's apparent criticism that the August 30 Orders should have allowed him to pick and choose the parts of the record that he found favorable, even when they contradicted plaintiff's decedent Rueben Morgan's sworn testimony. To the extent that plaintiff would seek to appeal what he calls the "*Erie* guess" of this Court determining that the Alabama Supreme Court would adopt the bare metal defense, the August 30 Orders lay out in detail the undersigned's reasoning and the extensive authorities (from Alabama and elsewhere) on which that forecast was based.

omitted). Rule 54(b) creates an exception to this general principle by establishing a mechanism through which the district court "may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Rule 54(b), Fed.R.Civ.P. Morgan invokes that rule here and requests that the Court enter a certification under Rule 54(b) to allow him to take an immediate appeal of the four challenged summary judgment orders without awaiting final disposition of his remaining claims against defendant John Crane.

"A district court must follow a two-step analysis in determining whether a partial final judgment may properly be certified under Rule 54(b). First, the court must determine that its final judgment is, in fact, both 'final' and a 'judgment.' … Second, … the district court must then determine that there is no 'just reason for delay' in certifying it as final and immediately appealable." *Lloyd Noland Foundation, Inc. v. Tenet Health Care Corp.*, 483 F.3d 773, 777 (11th Cir. 2007) (citations omitted). The first prong is unquestionably satisfied here, inasmuch as the Orders for which plaintiff seeks certification dismiss his claims against defendants Crane Co., General Electric, Warren Pumps and CBS in their entirety, and could immediately be reduced to a final judgment. *See, e.g., In re Southeast Banking Corp.*, 69 F.3d 1539, 1547 (11th Cir. 1995) ("A district court has the discretion to certify a judgment for immediate appeal only when it is 'final' within the meaning of Rule 54(b), which means that the judgment disposes entirely of a separable claim or dismisses a party entirely.").

To say that there are (or could be) final judgments as to the four subject defendants does not conclude the Rule 54(b) inquiry and does not necessitate certification. Indeed, the law is clear that "[n]ot all final judgments on individual claims should be immediately appealable." *Lloyd Noland*, 483 F.3d at 777-78 (citation omitted).[2] The rule's separate "no just reason for delay" requirement for certification contemplates that the district court will "balance judicial

---

[2] As one appellate court explained, "Courts may not accommodate attorneys just because they want to appeal immediately; a separate judgment under Rule 54(b) multiplies the costs of litigation for opposing parties and for the appellate court, and these interests deserve thoughtful consideration." *Horn v. Transcon Lines, Inc.*, 898 F.2d 589, 592 (7th Cir. 1990); *see also Ansam Associates, Inc. v. Cola Petroleum, Ltd.*, 760 F.2d 442, 445 (2nd Cir. 1985) (opining that "unrestrained application of Rule 54(b) is strongly disfavored" and that "54(b) orders should not be entered routinely or as a courtesy or accommodation to counsel," but should instead be used "only in the infrequent harsh case") (citations omitted).

administrative interests and relevant equitable concerns." *Ebrahimi v. City of Huntsville Bd. of Educ.*, 114 F.3d 162, 166 (11th Cir. 1997). The Eleventh Circuit instructs that circumstances in which Rule 54(b) certification is appropriate "will be encountered only rarely." *Id.* In that regard, Rule 54(b) has been construed to "preserve[] the historic federal policy against piecemeal appeals" and to be limited "to instances in which immediate appeal would alleviate some danger of hardship or injustice associated with delay." *Id.*; *see also In re Southeast Banking*, 69 F.3d at 1547 n.2 (second prong of Rule 54(b) inquiry is satisfied "only if there exists some danger of hardship or injustice through delay, that would be alleviated by immediate appeal"); *Vann v. Citicorp Sav. of Illinois*, 891 F.2d 1507, 1509-10 (11th Cir. 1990) (Rule 54(b) codifies "the historic practice of prohibiting piecemeal disposition of litigation and permitting appeals only from final judgments except in the infrequent harsh case where the district court makes the certification") (citation and internal marks omitted).

The critical question, then, is whether Morgan has shown "some danger of hardship or injustice through delay" that might justify the rare and disfavored step of Rule 54(b) certification, despite the risk (and perhaps the certainty) of offending the policy against piecemeal appeals. Plaintiff's primary argument on this point is that it would be more efficient and less expensive to have a single trial against all defendants than to allow the potential for two trials (one against John Crane, Inc. in November 2013 and a second against any defendants as to which Morgan might obtain a reversal of this Court's summary judgment rulings on appeal). The Eleventh Circuit and other federal courts have taken a dim view of this justification for Rule 54(b) certification. *See Ebrahimi*, 114 F.3d at 168 ("The district court may have reasoned that early review by the appellate court would eliminate the necessity for a second trial in the event we reversed its rulings on the dismissed claims. Absent special circumstances, however, the district court's preference for pretrial appellate review of its dismissal decisions constitutes an improper basis for issuance of a partial final judgment.").[3] Indeed, "[t]o deem sufficient under

---

[3] District courts in this Circuit have followed *Ebrahimi*'s lead on this point. *See, e.g., Sperry Associates Federal Credit Union v. Space Coast Credit Union*, 2012 WL 4762128, *2 (M.D. Fla. Oct. 5, 2012) (determining that "the Eleventh Circuit explicitly rejects the argument that the burden of two potential trials justifies a Rule 54(b) certification" and that "Rule 54(b) is not the proper mechanism for seeking appellate review of dismissed claims in order to avoid an additional trial"); *Walsh v. Jeff Davis County*, 2012 WL 2127123, *2 (S.D. Ga. June 11, 2012) ("It should be noted, however, Rule 54(b) is not the proper mechanism for (Continued)

Rule 54(b) a finding simply that an immediate appeal might avoid the need for a retrial … could only contravene the federal policy against piecemeal appeals." *Hogan v. Consolidated Rail Corp.*, 961 F.2d 1021, 1026 (2nd Cir. 1992) (noting that the purported justification of avoiding piecemeal trials "would be present in virtually any case in which the district court dismisses some of the parties from the case and proceeds to trial with respect to others").[4]

Plaintiff does not strengthen his Rule 54(b) position by arguing that, with respect to his claims against John Crane and those for which he seeks certification, "there are overlapping causes of action that require evidence common to Reuben Morgan['s] exposure [to] asbestos-containing products at key worksites." (Doc. 426, at 5.)  This is actually an argument against Rule 54(b) certification; after all, the Eleventh Circuit has cautioned that "when the factual underpinnings of the adjudicated and unadjudicated claims are intertwined, courts should be hesitant to employ Rule 54(b)." *Ebrahimi*, 114 F.3d at 167; *see also Lottie v. West American Ins. Co., of Ohio Cas. Group of Ins. Companies*, 408 F.3d 935, 938-39 (7th Cir. 2005) ("We have insisted that Rule 54(b) be employed only when the subjects of the partial judgment do not overlap with those remaining in the district court."); *Hogan*, 961 F.2d at 1026 ("the interrelationship of the dismissed and surviving claims is generally a reason for *not* granting a Rule 54(b) certification, not a reason for granting it"); *Morrison-Knudsen Co. v. Archer*, 655

---

seeking appellate review of dismissed claims in order to avoid an additional trial."); *McCann v. Mobile County Personnel Bd.*, 2006 WL 2355405, *3 (S.D. Ala. Aug. 14, 2006) (similar).

[4]   *See also Adrian v. Town of Yorktown*, 2006 WL 3826663, *2 (2nd Cir. Dec. 28, 2006) (where district court's suggested rationale for Rule 54(b) certification was "to avoid a second trial – that rationale is one we have explicitly rejected, particularly in cases where the dismissed and surviving claims are closely interrelated"); *Kersey v. Dennison Mfg. Co.*, 3 F.3d 482, 488 (1st Cir. 1993) (holding that Rule 54(b) certification was improper, where district court's certification "was based primarily on the ground that immediate appeal of the partial summary judgment might avoid two separate trials should the partial summary judgment later be vacated and remanded for new trial," but "such a potential is rarely, if ever, a self-sufficient basis for a Rule 54(b) certification, because virtually any interlocutory appeal from a dispositive ruling said to be erroneous contains the potential for requiring a retrial") (citation and internal marks omitted); *Spiegel v. Trustees of Tufts College*, 843 F.2d 38, 46 (1st Cir. 1988) (rejecting Rule 54(b) certification where "[t]he hypothetical portrait of additional trials painted by plaintiff looks to us to be not only speculative, but sophistic.  Virtually *any* interlocutory appeal from a dispositive ruling said to be erroneous contains the potential for requiring a retrial.").

F.2d 962, 965 (9th Cir. 1981) ("similarity of legal or factual issues will weigh heavily against entry of judgment under" Rule 54(b)).  The reasoning is that, in such circumstances where there are overlapping facts between the two sets of claims, "if we were to decide this appeal, we undoubtedly would be required to relearn the same set of facts if and when the case returned to us on appeal from the district court's final judgment" on the claims against John Crane. *Ebrahimi*, 114 F.3d at 167.  Thus, the factual similarity between the adjudicated and unadjudicated claims actually cuts against, rather than in favor of, the requested certification.

Plaintiff's Motions offer the following additional justifications for Rule 54(b) certification:  (i) granting certification will "avoid piecemeal appeals;" (ii) early resolution of these appeals "may avoid the need for further proceedings in the district court or may ease significantly the difficulty and complexity of conducting the trial of the unadjudicated claims;" and (iii) "an early successful appeal may be instrumental in achieving resolution of outstanding claims against John Crane." (Doc. 426, at 4-5.)  None of these conclusory assertions are persuasive.  With regard to piecemeal appeals, plaintiff appears to have it backwards.  If Rule 54(b) certification is denied and no appeals occur until the conclusion of this case *in toto*, we know to a certainty that there will not be piecemeal appeals and that all appeals that any party might have arising from this Court's rulings and/or the jury's verdict would be presented in a single appeal.  In that event, there will be a single appeal after final judgment is entered.  By contrast, if Rule 54(b) certification is granted and plaintiff appeals the Crane Co., General Electric, Warren Pumps and CBS summary judgment orders now, it appears almost certain that there will be piecemeal appeals in this case.  The Eleventh Circuit would have to hear the Crane Co./General Electric/Warren Pumps/CBS appeal now, and would likely have to hear a second appeal from the losing party after the trial of plaintiff's claims against John Crane.[5]

Plaintiff's other unsupported arguments fare no better.  Plaintiff says that allowing him to appeal now "may avoid the need for further proceedings in the district court," but it is not evident why that would be so.  His claims against John Crane will have to go forward either way, and the Court is aware of no reason to believe that early appellate adjudication of the other four

---

[5] And of course, nothing would prevent plaintiff from pursuing appeals of the August 30 summary judgment rulings pertaining to the other six defendants once the John Crane claims were litigated to final judgment.

appeals (which appear largely to turn on plaintiff's contention that this Court misapplied the Rule 56 standard) would have any effect on plaintiff's claims against John Crane. Nor will the trial of plaintiff's claims against John Crane be simplified or streamlined by allowing them to languish in dormancy for a year or two before going to trial, pending the outcome of the four appeals; thus, the Court finds no merit in plaintiff's suggestion that Rule 54(b) certification "may ease significantly the difficulty and complexity of conducting the trial of" the John Crane claims. As for plaintiff's suggestion that "an early successful appeal may be instrumental in achieving resolution of outstanding claims against John Crane," the logic is once again impenetrable. If plaintiff is suggesting that John Crane would be more likely to settle with him if certain dismissed co-defendants are restored to the case via appeal, it is not at all obvious to the Court why that might be the case.

### III.   Conclusion.

The decision of whether or not to grant Rule 54(b) certification is discretionary in the district court; however, the Eleventh Circuit has circumscribed that discretion, and has closely scrutinized certifications to insure that they fit within the narrow parameters of the Rule. Under ordinary circumstances, the mere desire of a litigant to avoid a second trial in the event of a successful appeal is not a valid reason for Rule 54(b) certification. Yet that is all we have here. Rule 54(b) neither uproots the historic federal policy against piecemeal appeals nor supplants it with a policy stamping out the possibility of piecemeal trials. Only in rare, unusually harsh circumstances where delaying appeal would work hardship or injustice – and where those equitable factors outweigh the strong federal policy of avoiding piecemeal appeals – is a Rule 54(b) certification permissible. This is not such a case. The concerns that plaintiff articulates here about the expense and hardship of a second trial if plaintiff prevails on appeal are present in virtually every single case in which the district court on summary judgment dismisses a plaintiff's claims against some defendants but not others (or dismisses some but not all of a plaintiff's claims against a particular defendant). Applicable case authorities forbid kneejerk Rule 54(b) certifications in such commonplace situations, even where they are made as a courtesy or an accommodation to trial counsel.

There is another set of considerations too. Plaintiff's claims against John Crane, Inc. are ready for trial now. This case is already more than three years old, and it would be the height of inefficiency and delay to encase those trial-ready claims in ice for a period of a year or perhaps

much longer on the mere possibility that plaintiff's appeal of the summary judgment orders dismissing Crane Co., General Electric, Warren Pumps and CBS might someday bear fruit.

For all of the foregoing reasons, the Court does not find that there is "no just reason for delay" of plaintiff's contemplated appeals of the four challenged summary judgment rulings. Accordingly, plaintiff's Motions for Entry of Final Judgment Pursuant to Rule 54(b) and Motions for Stay (docs. 426, 427, 428, 429) are **denied**.

DONE and ORDERED this 30th day of September, 2013.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE